**Johni Ruth MARSHALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00230–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 24, 1999.

Stephen Morris, Law Offices of Stephen Morris, Houston, for Appellant.

John B. Holmes, District Attorney of Harris County, Alan Curry, Assistant District Attorney, Houston, for State.

Panel consists of Justices MIRABAL, TAFT, and NUCHIA.

## OPINION

MIRABAL, Justice.

In 1995, appellant, Johni Ruth Marshall, pled guilty to aggravated assault, without an agreed recommendation of punishment. The trial court accepted the guilty plea, deferred an adjudication of guilt, and placed appellant on probation for ten years. In 1997, the State filed a motion to adjudicate guilt. In 1998, after a hearing, the trial court found the allegations of the State's motion to adjudicate true, adjudicated appellant guilty, and assessed punishment at two years confinement.

In points of error one and two, appellant asserts the trial court committed error in following article 1.15 of the Code of Criminal Procedure, claiming the statute violates her constitutional right to compulsory process. *See* TEX. CODE CRIM. P. ANN. art. 1.15 (Vernon Supp. 1999). In points of error three and four, appellant asserts the trial court erred in entering a judgment of guilty because the record is silent as to her waiver of her right to compulsory process.

Appellant's complaints come too late. A defendant placed on deferred adjudication may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (designated for publication).

Accordingly, we dismiss this appeal for lack of jurisdiction.