Opinion issued July 25, 2002











 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01296-CR

____________


RAUL CARDENAS, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 791114






O P I N I O N

 Appellant, Raul Cardenas, Jr., pleaded guilty to possession with intent to
deliver cocaine, weighing more than four grams and less than 200 grams. Without
a plea-bargain agreement, the trial court deferred adjudication of guilt, placed
appellant on community supervision for 10 years, and assessed a fine of $1000. The
State subsequently filed a motion to adjudicate guilt, to which appellant pleaded not
true. After a hearing, the trial court found to be true the State's allegation that
appellant had violated the conditions of his community supervision by committing
the offense of robbery. The court found appellant guilty of the original cocaine
charge, and sentenced him to confinement for 25 years. Appellant's counsel filed
timely notice of appeal.

 An appeal from adjudication of guilt is limited. First, issues relating to the
original plea may not be addressed after adjudication. Manuel v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999); Marshall v. State, 995 S.W.2d 880, 881 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd); but see Nix v. State, 65 S.W.3d 664, 667-69 (Tex. Crim. App. 2001); Jordan v. State, 54 S.W.3d 783, 785 (Tex. Crim. App.
2001) ("void judgment" exception). Second, no appeal may be taken from the trial
court's determination to proceed with an adjudication of guilt. Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992); Hargrave v. State, 10 S.W.3d 355, 360 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd) (op. on reh'g); Tex. Code Crim. P. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2002). Therefore, complaints regarding the guilt
phase of an adjudication hearing may not be addressed on appeal.

 The Code of Criminal Procedure provides that, after adjudication,

 all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision,
and defendant's appeal continue as if the adjudication of guilt had
not been deferred.


Tex. Code Crim. P. Ann. art. 42.12, § 5(b) (Vernon Supp. 2002). Therefore,
although an appellant may not appeal the trial court's decision to adjudicate guilt, he
may raise complaints as to the punishment portion of the trial court's judgment, or the
proceedings after the adjudication. Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim.
App. 2001).

 Appellant's brief raises no issues asserting error in the punishment
proceedings, nor does he argue that the original judgment was void. Accordingly, we
affirm the judgment of the trial court. 



 Adele Hedges

 Justice

Panel consists of Justices Hedges, Jennings, and Keyes

Do not publish. Tex. R. App. P. 47.