Opinion issued September 26, 2002 









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01220-CR






WILBERT BERNARD ROBINSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 880927






O P I N I O N


 Appellant, Wilbert Bernard Robinson, pled guilty to aggravated assault. In
accordance with the terms of the plea bargain agreement, the trial court deferred
adjudication of guilt and placed appellant on community supervision for eight years
and 240 hours of community service. On September 12, 2001, the State filed a
motion to adjudicate guilt, to which appellant entered a plea of true. The trial court
found appellant guilty and assessed punishment at confinement for two years. 

JURISDICTION

 In two points of error, appellant complains that he received ineffective
assistance of counsel at the original plea hearing that rendered his plea of guilty
involuntary. Specifically, he claims his trial counsel failed to properly prepare or
investigate his case before advising him to plead guilty.

 Previously, the Court of Criminal Appeals has addressed whether, on appeal
from an adjudication of guilt, a defendant may complain of error in the original plea
proceeding. See Manuel v. State, 994 S.W.2d 658, 659 (Tex. Crim. App. 1999). In
affirming the Second Court of Appeal's finding that it lacked jurisdiction to hear
Manuel's appeal, the Court of Criminal Appeals held that: 

 [A] defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea
proceeding, such as evidentiary sufficiency, only in appeals
taken when deferred adjudication community supervision
is first imposed. Certainly, it was not the Legislature's
intent . . . to permit two reviews of the legality of a
deferred adjudication order, one at the time deferred
adjudication community supervision is first imposed and
another when, and if, it is later revoked. 


Id. at 661-62.

 A defendant placed on deferred adjudication may raise issues relating to the
original plea proceeding only in appeals taken when deferred adjudication is first 

imposed. See id. at 661; Marshall v. State, 995 S.W.2d 880, 881 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd). This includes complaints about the
voluntariness of the prior plea of guilty, and complaints of ineffective assistance of
counsel. See Webb v. State, 20 S.W.3d 834, 836 (Tex. App.--Amarillo 2000, no pet.)
(ineffective assistance); Hanson v. State, 11 S.W.3d 285, 287 (Tex. App.--Houston
[14th Dist.] 1999, pet. ref'd) (ineffective assistance claim); Clark v. State, 997 S.W.2d
365, 368-69 (Tex. App.--Dallas 1999, no pet.) (voluntariness claim). 

 In the instant case, appellant pleaded guilty and received deferred adjudication
community supervision on July 3, 2001. On November 8, 2001, appellant's guilt was
adjudicated and his community supervision was revoked. He could have appealed
from the order placing him on deferred adjudication and could have raised his points
of error following his original plea hearing. Based on the holding in Manuel, his
failure to do so precludes us from now hearing the merits of his appeal. Because we
have no jurisdiction to consider his points of error, we dismiss the appeal.


CONCLUSION

 We dismiss this appeal for lack of jurisdiction.


 

 Lee Duggan, Jr.

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (1)

Do not publish. Tex. R. App. P. 47.4.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.