Opinion issued October 24, 2002

 





 




In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00298-CR






ABU ODINGA SMALL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 685772






O P I N I O N


 In 1995, Appellant, Abu Odinga Small, pled guilty to the felony offense of
delivery of a controlled substance without an agreed recommendation of punishment. 
The trial court accepted the guilty plea, deferred adjudication of guilt, placed
appellant on community supervision for eight years, and imposed a $500.00 fine. On
August 11, 1999, the State filed a motion to adjudicate guilt, to which appellant
entered a plea of not true. After a hearing, the trial court found appellant guilty and
assessed punishment at confinement for 30 years. 

 In his first point of error, appellant complains that his plea was not voluntarily,
knowingly, or intelligently given. In his second point of error, appellant contends
that the evidence was insufficient to support his guilt. In his third and fourth points
of error, appellant complains that he received ineffective assistance of counsel. The
first four points of error pertain to the original proceeding. In his fifth point of error,
appellant claims that he received ineffective assistance of counsel at the punishment
stage of the trial.

Original Proceeding

 In his first four points of error, appellant contends that his plea was
involuntary, that the evidence was insufficient to support his guilt, and that he
received ineffective assistance of counsel. A defendant placed on deferred
adjudication may raise issues relating to the original plea proceeding, such as
evidentiary sufficiency, only in appeals taken when deferred adjudication is first
imposed. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999);
Marshall v. State, 995 S.W.2d 880, 881 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd). This includes complaints about the voluntariness of the prior plea of guilty,
and complaints of ineffective assistance of counsel. See Webb v. State, 20 S.W.3d
834, 836 (Tex. App.--Amarillo 2000, no pet.) (voluntariness and ineffective
assistance of counsel claims); Hanson v. State, 11 S.W.3d 285, 287 (Tex.
App.--Houston [14th Dist.] 1999, pet. ref'd) (voluntariness and ineffective assistance
of counsel claims); Clark v. State, 997 S.W.2d 365, 368-69 (Tex. App.--Dallas 1999,
no pet.) (voluntariness claim). 

 In the instant case, appellant pled guilty and received deferred adjudication
community supervision in May 1995. On January 27, 2000, appellant's guilt was
adjudicated and his community supervision was revoked. He could have appealed
from the order placing him on deferred adjudication and could have raised his points
of error following his original plea hearing. Based on the holding in Manuel, that all
issues relating to the original plea hearing must be made at the time the defendant is
placed on deferred adjudication, his failure to have done so precludes us from now
hearing the merits of his appeal on the first four points of error. Accordingly, we may
not consider the first four points of error.

Punishment Stage

 In his fifth point of error, appellant argues that his trial attorney rendered
ineffective assistance of counsel by failing to call witnesses at the punishment stage
of the adjudication of guilt. 

 To reverse a conviction based on ineffective assistance of counsel, we must
conclude that: (1) counsel's representation fell below an objective standard of
reasonableness and (2) there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different.
Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068
(1984). The Strickland standard applies to ineffectiveness claims regarding trial
counsel's performance at both the guilt-innocence and the punishment stages of trial. 
Hernandez v. State, 988 S.W.2d 770, 772-74 (Tex. Crim. App. 1999). 

 A court must indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689,
104 S.Ct. at 2065. Appellant bears the burden of proving by a preponderance of the
evidence that counsel was ineffective. Thompson v. State, 9 S.W. 3d 808, 813 (Tex.
Crim. App. 1999). 

 A defendant may base an ineffective assistance claim on an attorney's failure
to present witnesses only if the defendant can show that the witnesses were available
and their testimony would have benefitted the defendant. Hunnicutt v. State, 531
S.W.2d 618, 625 (Tex. Crim. App. 1976.); Rangel v. State, 972 S.W.2d 827, 838
(Tex. App.--Corpus Christi 1998, pet. ref'd). In Rangel, the appellant failed to meet
this burden where there was no record establishing the availability of beneficial
witnesses who were not called. 972 S.W.2d at 838-39. 

 In the instant case, appellant has failed to meet this burden. There is nothing
in the record to indicate that the testimony of appellant's witnesses would have
benefitted appellant. Appellant has merely asserted in his brief that he had "many
respectable character witnesses" that were available to testify. Finding no ineffective
assistance of counsel from the record before us, we overrule appellant's fifth point of
error.

Conclusion

 We affirm the trial court's judgment.

 

 

 Frank G. Evans

 Justice


Panel consists of Justices Hedges, Keyes, and Evans. (1)

Do not publish. Tex. R. App. P. 47.4.


1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.