Opinion issued November 7, 2002

 

 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01049-CR






MELVIN JORDAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 845797






O P I N I O N


 On September 7, 2000, appellant, Melvin Jordan, pleaded guilty to aggravated
sexual assault of a child. In accordance with the terms of a plea bargain agreement,
the trial court deferred adjudication of guilt and placed appellant on community
supervision for 10 years. On April 17, 2001, the State filed a motion to adjudicate
guilt, to which appellant entered a plea of not true to committing the offense of
driving while intoxicated. After a hearing, the trial court found appellant guilty and
assessed punishment at confinement for 10 years. 

 In points of error one through four, appellant challenges the validity of the trial
court's entry of judgment in the original proceeding. In points of error five and six,
appellant challenges the constitutionality of the sentence assessed in the adjudication
proceeding.

Validity of Guilty Plea

 In his first and second points of error, appellant complains that his state and
federal constitutional rights to compulsory process (1) were violated when the trial court
proceeded to judgment because, under article 1.15 of the Code of Criminal Procedure,
he was denied the right to put on any evidence after entering his guilty plea. In
appellant's third and fourth points of error, he contends that the trial court erred in
proceeding to judgment because the record does not show that he waived his right to
compulsory process.

 The Court of Criminal Appeals has addressed the issue of whether, on appeal
from an adjudication of guilt, a defendant may complain of error in the original plea
proceeding. See Manuel v. State, 994 S.W.2d 658, 659 (Tex. Crim. App. 1999). In 
that case, the court held as follows: 

 [A] defendant placed on deferred adjudication community supervision
may raise issues relating to the original plea proceeding, such as
evidentiary sufficiency, only in appeals taken when deferred
adjudication community supervision is first imposed. Certainly, it was
not the Legislature's intent . . . to permit two reviews of the legality of
a deferred adjudication order, one at the time deferred adjudication
community supervision is first imposed and another when, and if, it is
later revoked. 


Id. at 661-62; see also Marshall v. State, 995 S.W.2d 880, 881 (Tex. App.--Houston
[1st Dist.] 1999, pet. ref'd).

 Here, appellant pleaded guilty and received deferred adjudication community
supervision on September 7, 2000. The following year, on April 17, 2001, his guilt
was adjudicated and his community supervision was revoked. Appellant could have
raised his points of error in an appeal from the order placing him on deferred
adjudication. We do not have jurisdiction to review his first four points of error.

Constitutionality of the Sentence

 In his fifth and sixth points of error, appellant complains that the sentence
imposed is not proportional to the offense committed and that it constitutes cruel and
unusual punishment in violation of the Eighth (2) and Fourteenth (3) Amendments and the
Texas Constitution (4). 

 Appellant failed to preserve his fifth and sixth points of error by not objecting
at trial. Tex. R. App. P. 33.1; see Idowu v. State, 73 S.W.3d 918, 923 nn.8-9 (Tex.
Crim. App. 2002); Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.--Houston [1st
Dist.] 2000, pet. ref'd); Solis v. State, 945 S.W.2d 300, 301-02 (Tex. App.--Houston
[1st Dist.] 1997, pet. ref'd). Thus, he waived points of error five and six on appeal.

Conclusion

 We affirm the judgment of the trial court. 

 


 Frank G. Evans

 Justice


Panel consists of Justices Hedges, Keyes, and Evans. (5)

Do not publish. Tex. R. App. P. 47

1. U.S. Const. amend. VI, XIV; Tex. Const. art. I, §§10, 29.
2. U.S. Const. amend. VIII. 
3. U.S. Const. amend. XIV.
4. Tex. Const. art. I, §13.
5. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals,
First District of Texas at Houston, participating by assignment.