Opinion issued February 6, 2003. 




      
                                                             



                                                             






 
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00390-CR
NO. 01-02-00391-CR




CLOYD GUILLORY, Appellant

V.

STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 887370, 814664




* * * * *






NO. 01-02-00627-CR





EX PARTE CLOYD GUILLORY, Applicant




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 892381




O P I N I O N

          Appellant,


 Cloyd Guillory, brings this appeal in order to (1) challenge the
validity of a guilty plea he entered in response to a June 1999 indictment for
possession with intent to deliver between one and four grams of cocaine, (2) appeal
the trial court’s denial of his application for a writ of habeas corpus, and (3) challenge
the sufficiency of the evidence supporting a separate conviction for evading arrest. 
          The first two issues appellant raises are related to the trial court’s order
adjudicating his guilt on the June 1999 charge of possession of cocaine with intent
to distribute. Appellant challenges the trial court’s adjudication of his guilt by
bringing a direct appeal from the trial court’s order; and second, by appealing the trial
court’s denial of his application for a writ of habeas corpus, contending that his guilty
plea was involuntary because he received ineffective assistance of counsel at the time
he entered it. Appellant’s third issue, unrelated to the first two, springs from a wholly
separate conviction for evading arrest. In this third issue, appellant challenges the
sufficiency of the evidence to support his conviction for evading arrest by contending
that the officer unlawfully detained him.
          We dismiss appellant’s direct appeal of the trial court’s adjudication of his guilt
for lack of jurisdiction, we affirm the trial court’s denial of appellant’s application for
a writ of habeas corpus, and we affirm appellant’s conviction for evading arrest.Background
          On June 2, 1999, officers of the Houston Police Department, acting on a tip
from a confidential informant, executed a search warrant for appellant’s mother’s
house. Appellant’s mother was at home at the time, but appellant was not in the
house when the search began. Shortly after announcing their presence, the officers
forcibly entered the front door of the house and searched the house and the
surrounding premises, including a detached garage located approximately 20 to 30
feet from the house. The search of the garage revealed 13 loose rocks of cocaine in
one container and the search of the house revealed 0.9 grams of cocaine in a shot
glass in appellant’s bedroom. While the search was being conducted, appellant drove
up to the home in his car. At that point, appellant was placed under arrest and his car
searched. The search of the car revealed additional cocaine, the weight of which is
unspecified in the record. Appellant was indicted for the felony offense of possession
of a controlled substance with intent to deliver. 
           Pursuant to a plea bargain with the State, appellant entered a plea of guilty to
the indictment. The trial court assessed punishment at a fine of $500.00, 300 hours
of community service, 30 days’ confinement in the Harris County Jail, and six years’
deferred adjudication community supervision under section 5 of article 42.12, Texas
Code of Criminal Procedure.


 
          Approximately two years later, the State filed a motion with the court to
adjudicate appellant’s guilt, asserting that appellant had violated the terms of his
community supervision earlier that month by being found in possession of 200
milligrams of codeine.
          Less than one month after the State filed its motion to adjudicate appellant’s
guilt on the cocaine charge, appellant was arrested for evading a police officer who
was attempting to detain him. Kyle Englehardt, a police officer with the Houston
Police Department, testified that he and his partner were on routine patrol in their
marked police car when they encountered appellant and two passengers driving a car
that was missing its front license plate. Officer Englehardt testified that when he and
his partner, both verbally and with hand signals, directed appellant to pull his car
over, appellant instead sped away from the officers. The officers turned on their siren
and lights and pursued appellant, eventually apprehending him after several blocks. 
Appellant was arrested, and was indicted for the felony offense of evading arrest in
a vehicle.



          Appellant filed a pre-conviction writ of habeas corpus under article 11.08 of
the Texas Code of Criminal Procedure, challenging the validity of the guilty plea he
had entered in the possession offense. A jury convicted appellant of evading arrest
and assessed punishment at 180 days’ confinement. After a hearing on appellant’s
application for a writ of habeas corpus, the trial court adjudicated appellant’s guilt on
the charge of possession of cocaine with intent to distribute and denied relief on
appellant’s application for a writ of habeas corpus. 
Discussion
          In his first two issues, appellant complains that he received ineffective
assistance of counsel at the original plea hearing, and thus, his plea of guilty was
rendered involuntary. Specifically, he claims his trial counsel did not have sufficient
legal knowledge to adequately represent him at trial, and his trial counsel did not fully
explain the applicable law to him before he entered his plea. Appellant contends that,
if his trial counsel had properly explained the applicable law to him, he would not
have pled guilty to the indictment.
Voluntariness of Plea
Direct Appeal
          We are without jurisdiction to consider appellant’s first challenge, via direct
appeal, to the voluntariness of his guilty plea. Previously, the Court of Criminal
Appeals has addressed whether, on appeal from an adjudication of guilt, a defendant
may complain of error in the original plea proceeding. See Manuel v. State, 994
S.W.2d 658, 659 (Tex. Crim. App. 1999). In Manuel, the Court of Criminal Appeals
held that a defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding only in appeals taken when
deferred adjudication community supervision is first imposed. See id. at 661;
Marshall v. State, 995 S.W.2d 880, 881 (Tex. App.Houston [1st Dist.] 1999, pet.
ref’d). This includes complaints about the voluntariness of the prior plea of guilty
and complaints of ineffective assistance of counsel. See Jordan v. State, 54 S.W.3d
783, 785 (Tex. Crim. App. 2001) (reaffirming the holding of Manuel, and
emphasizing that, although there may be some exceptions to the prohibition against
attacking the original conviction upon revocation of deferred adjudication probation,
“An involuntary plea does not constitute one of those very rare situations.”).
          Here, appellant could have appealed the order placing him on deferred
adjudication at that time, and he could have raised at that time the points of error he
attempts to raise now. Under Manuel, we are precluded from now hearing the merits
of his first issue challenging the voluntariness of his plea via direct appeal. We
dismiss appellant’s first issue for lack of jurisdiction.
Writ of Habeas Corpus
          In his second issue, appellant contends the trial court erred by denying his
application for a writ of habeas corpus. The Court of Criminal Appeals has stated
that a writ of habeas corpus is a proper vehicle to challenge deferred adjudication
probation proceedings, noting that, 
a writ of habeas corpus may be filed under Article 11.08 or 11.09 even
though a person has not been finally convicted of an offense. Nothing
prevents the probationer from filing an Article 11.08 or 11.09 writ
application after the State has filed a motion to revoke, and nothing
prevents the trial court from considering the application along with the
State’s motion to revoke probation.

Jordan v. State, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (emphasis added). This
is precisely what has occurred here. Appellant’s application for a writ of habeas
corpus was filed shortly after the State’s motion to adjudicate his guilt, and the court
considered both the appellant’s application and the State’s motion after the jury found
appellant guilty on the charge of evading arrest. The trial court heard testimony from
appellant’s probation officer on the terms of his probation, then heard testimony
regarding the voluntariness of appellant’s original guilty plea. Appellant offered
testimony from the Houston Police Department officers who participated in the 1999
search of his mother’s house that led to appellant being charged with possession of
cocaine with intent to distribute, and appellant’s trial counsel testified about the
circumstances under which appellant entered his guilty plea.
          In his application for a writ of habeas corpus, and on appeal, appellant argues
his plea was involuntary due to his trial counsel’s failure to adequately explain
possible weaknesses in the State’s case to him. Specifically, appellant complains that
his trial counsel’s failure to advise him that (1) the police possibly exceeded the scope
of the warrant authorizing the search of his mother’s house on June 2, 1999 by
searching the garage; (2) the short amount of time that elapsed between the officer’s
knocking on the front door and their forced entry into the home was a possible “no
knock” violation of the Fourth Amendment; (3) appellant’s absence from his mother’s
house at the onset of the search may have presented a question at trial as to whether
there was sufficient evidence linking appellant to the drugs found in the house; and
(4) the evidence collected during the search of the appellant’s mother’s house and the
search of his car may not have been sufficient evidence to convict him beyond a
reasonable doubt of possession of cocaine with an intent to distribute. Appellant
contends this failure to advise him amounted to ineffective assistance of counsel. 
          In reviewing claims of ineffective assistance of counsel, we employ the
standard of review set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)
(holding Strickland two prong test applies to ineffective assistance claims throughout
trial, including punishment). When a defendant challenges the voluntariness of a plea
entered upon the advice of counsel, contending that his counsel was ineffective, “the
voluntariness of the plea depends on (1) whether counsel’s advice was within the
range of competence demanded of attorneys in criminal cases and if not, (2) whether
there is a reasonable probability that, but for counsel’s errors, he would not have
pleaded guilty and would have insisted on going to trial.” Ex Parte Moody, 991
S.W.2d 856, 857-58 (Tex. Crim. App. 1999). As with other types of ineffective
assistance of counsel claims, appellant has the burden to show, by a preponderance
of the evidence, that counsel’s performance fell below a reasonable standard of
competence and that appellant would, with a reasonable probability, have pled not
guilty and insisted on going to trial had he been properly advised. Moody, 991
S.W.2d at 858. In addition, appellant also has the burden to prove that his trial
counsel’s actions were not the result of “sound trial strategy.” Saldano v. State, 70
S.W.3d 873, 885 (Tex. Crim. App. 2002). In reviewing the decision of the habeas
court, we review the findings in the light most favorable to the ruling and uphold the
decision absent an abuse of discretion. Id. 
          Here, we do not find that the trial court abused its discretion by denying
appellant’s application for a writ of habeas corpus. Reviewing the entire record in the
light most favorable to the conviction, we do not find that appellant has established
either that (1) his trial counsel’s performance fell below the minimum performance
standards mandated by the first prong of Strickland, or (2) that the actions taken by
his trial counsel were not the result of sound trial strategy. 
           In evaluating the effectiveness of counsel under the first prong of Strickland,
the totality of the representation and the particular circumstances of each case are
reviewed. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue
is whether counsel’s assistance was reasonable under all the circumstances and
prevailing professional norms at the time of the alleged error. Strickland, 466 U.S.
at 688-89, 104 S. Ct. at 2065. “[C]ounsel is strongly presumed to have rendered
adequate assistance and made all significant decisions in the exercise of reasonable
professional judgment.” Id. at 690, 104 S. Ct. at 2066. Scrutiny of counsel’s
performance must be highly deferential, and every effort must be made to eliminate
the distorting effects of hindsight. Id. at 689, 104 S. Ct. at 2065.
          In this case, appellant’s trial counsel testified that he did not explain the
possibility of pursuing a motion to suppress the evidence recovered from the search
of the house, garage and car to appellant because, in light of the accumulation of
evidence against appellant there was a very real possibility that more charges would
be brought if a motion to suppress was successful. Additionally, appellant’s trial
counsel testified that appellant expressed a desire to avoid Boot Camp as a condition
of his deferred adjudication, and appellant’s trial counsel believed that pursuing a
motion to suppress would increase the likelihood that appellant would receive Boot
Camp as a condition of his probation. Appellant testified that, had his trial counsel
adequately explained the law surrounding his case to him, he would not have entered
a guilty plea, but would instead have insisted on a trial. 
          We cannot say that the trial court abused its discretion in denying appellant’s
application for a writ of habeas corpus. Appellant did not establish by a
preponderance of the evidence that the actions taken by his trial counsel, which
culminated in the entry of a guilty plea by appellant in return for receiving deferred
adjudication community supervision, fell below prevailing professional norms, nor
did appellant establish by a preponderance of the evidence that the actions taken by
his trial counsel were not the result of a sound trial strategy. Accordingly, we affirm
the trial court’s denial of appellant’s application for a writ of habeas corpus and
overrule appellant’s second issue.        
Sufficiency of the Evidence
          In his third issue, appellant challenges the legal sufficiency of the evidence
supporting his conviction for evading arrest by contending that the underlying attempt
to detain him was unlawful, and that his conviction for attempting to evade a lawful
arrest or detention cannot therefore be supported. Appellant argues the attempt to
detain him was unlawful because there is no way that the police officers could have
known whether or not he was actually violating a traffic law at the time they directed
him to pull over. The thrust of appellant’s argument is that, because the police
officers saw only the front of the car appellant was driving, they could not have been
certain that appellant was not displaying a valid dealer license plate, and they
therefore could not have had probable cause to arrest appellant, nor could they have
formed reasonable suspicion sufficient to detain appellant.


 The State concedes that,
unless the officers had formed either probable cause to arrest appellant or had
reasonable suspicion sufficient to detain him at the time they directed appellant to
stop, the subsequent arrest for evading arrest was invalid.  
          When reviewing the legal sufficiency of the evidence, we review the evidence
in the light most favorable to the conviction and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v.
State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 
           A person commits the felony offense of evading arrest if he intentionally flees,
in a vehicle, from a person he knows is a peace officer lawfully attempting to arrest
or detain him. Tex. Penal Code § 38.04 (a) & (b) (Vernon 2001). The lawfulness
of the attempted detention is an element of the offense that must be proven by the
State. Cook v. State, 1 S.W.3d 722, 726 (Tex. App.El Paso 1999); Reese v. State,
846 S.W.2d 351, 353 (Tex. App.Tyler 1992, pet. ref’d). A detention for the
purpose of investigating possible criminal behavior is lawful where the police officer
can point to specific and articulable facts that, taken together with rational inferences
from those facts, reasonably warrant the intrusion. Terry v. Ohio, 392 U.S. 1, 30, 88
S. Ct. 1868, 1884-85 (1968); Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App.
2001). 
          In this case, the jury heard testimony that, during evening patrols in their
marked police car, Officer Englehardt and his partner came upon appellant and two
passengers driving in a car without a front license plate, and Officer Englehardt
believed that appellant was committing a violation of traffic laws by driving without
a front license plate. Our review of the evidence, in the light most favorable to the
conviction, reveals that the State presented sufficient evidence to enable a rational
juror to conclude beyond a reasonable doubt that the police officers had reasonable
suspicion which justified their attempt to detain appellant. Accordingly, we overrule
appellant’s third issue and affirm his conviction for evading arrest. 
Conclusion
          We dismiss appellant’s direct appeal of the trial court’s adjudication of his guilt
for lack of jurisdiction, we affirm the trial court’s denial of appellant’s application for
a writ of habeas corpus, and we affirm appellant’s conviction for evading arrest.
 












                                                             George C. Hanks, Jr. 
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Publish. Tex. R. App. P. 47.2(b).