Opinion issued October 30, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00101-CR




LONTREMOND TERAY WEATHERSBY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 898638




MEMORANDUM OPINION
          In January 2002, appellant, Lontremond Teray Weathersby, pleaded guilty to
possession of cocaine with intent to deliver and the trial court placed him on deferred
adjudication for eight years. In October 2002, the State filed a motion to adjudicate
appellant’s guilt. Appellant pleaded “not true” to the allegations in the State’s
motion. After a hearing on the motion to adjudicate, the trial court found the
allegations of the State’s motion to be true. After a punishment hearing, the trial
court assessed punishment at 10 years’ confinement. In four issues, appellant
challenges the validity of his guilty plea. In his fifth issue, appellant alleges the trial
court erred by assessing punishment before entering a finding of guilt. We affirm.
Compulsory Process
          In issues one and two, appellant asserts the trial court committed error in
following article 1.15 of the Code of Criminal Procedure and accepting his guilty
plea, claiming the statute violates his constitutional right to compulsory process. See
Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003). In issues three and
four, appellant asserts the trial court erred in accepting his plea of guilty because the
record is silent as to the waiver of his right to compulsory process.
          Appellant’s complaints come too late. A defendant placed on deferred
adjudication may raise issues relating to the original plea proceeding only in appeals
taken when deferred adjudication is first imposed. Manuel v. State, 994 S.W.2d 658,
661 (Tex. Crim. App. 1999). Accordingly, we have no jurisdiction to consider issues
one through four. See Marshall v. State, 995 S.W.2d 880, 880 (Tex. App.—Houston
[1st Dist.] 1999, pet ref’d).
          Furthermore, even if we were to reach the merits of appellant’s complaint, this
Court and others have repeatedly addressed and rejected appellant’s claims. See Lyles
v. State, 745 S.W.2d 567, 567-68 (Tex. App.—Houston [1st Dist.] pet. ref’d);
Vanderberg v. State, 681 S.W.2d 713, 716 (Tex. App.—Houston [14th Dist.] 1984,
pet. ref’d).
Proceeding to Punishment Without Oral Adjudication of Guilt
          In issue five, appellant contends the trial court erred by proceeding to conduct
a punishment hearing without ever making a formal adjudication of guilt. Essentially,
appellant argues that the trial court erred by not announcing its adjudication of guilt
in open court; however, appellant does not cite any authority in support of his
position. In fact, there is authority to the contrary. Villela v. State, 564 S.W.2d 750,
751 (Tex. Crim. App. 1978) (holding that trial court’s failure to orally adjudicate guilt
does not render judgment void when written judgment contains recitals affirmatively
stating that trial court found defendant guilty).
          The judgment in the present case, like the judgment in Villela, states that the
“[d]efendant is guilty of the offense indicated above . . . .” Recitals contained in a
judgment create a presumption of regularity and truthfulness, absent an affirmative
showing to the contrary. Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App.
1984). The burden is on the appellant to overcome this presumption. Ex parte
Wilson, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).
          Silence in the reporter’s record about whether the trial court adjudicated
appellant guilty does not contradict the recital to that effect in the judgment. Simms
v. State, 848 S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d)
(holding that recital in judgment that trial court found enhancement “true” not
contradicted by trial court’s failure to so state on the reporter’s record).         Accordingly, we overrule issue five.
          We affirm the judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).