**Juan Jose DIAZ–GALVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00043–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 20, 1997.

Joseph A. Salinas, III, Houston, for appellant.

Calvin Hartman, Houston, for appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

Appellant, Juan Jose Diaz–Galvan was charged with delivery of marihuana weighing more than 50 pounds and less than 2000 pounds. His indictment included an allegation that appellant exhibited and used a deadly weapon during the offense. Without a plea-bargain agreement, appellant entered a guilty plea and requested community supervision. After a pre sentence investigation (PSI) was conducted, the trial court assessed punishment at 10–years confinement. We address whether appellant preserved his constitutional challenge to the cruelty of his punishment when he did not bring a complete record on appeal. We affirm.

### Facts

The record reflects a PSI was requested by appellant and granted by the trial court. No copy of a PSI report is contained in the record, however. Appellant's motion for community supervision does state appellant had been convicted of a felony. No statement of facts is before this Court. Without a statement of facts, there is no way of knowing what transpired during the PSI hearing.

### Cruel and Unusual Punishment

Appellant's sole point of error contends that his 10–year prison sentence for delivering marihuana constitutes cruel and unusual punishment in violation of Eighth and Fourteenth Amendments to the United

States Constitution. Appellant argues that his sentence violates the proportionality requirement.

 The Eighth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, has been recognized as encompassing a narrow proportionality principle. *See Thomas v. State,* 916 S.W.2d 578, 582 (Tex.App.—San Antonio 1996, no pet. h.) (citing *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962)). "Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment." *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). In reexamining its *Solem* analysis, the Court held that punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Court emphasized,

> "Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the jurisdiction and (2) sentences for the same crime in other jurisdictions."

*Id.,* 501 U.S. at 1006, 111 S.Ct. at 2707.

Because a threshold proportionality analysis requires a comparison of the gravity of the crime with the severity of the sentence, it is necessary to have a sufficient record by which to evaluate the relative aggravation or mitigation of the particular facts of the case. Without a PSI or a statement of facts from the guilt or punishment hearing, we have an insufficient record to perform a proportionality review.

 It is the appellant's burden on appeal to bring forth a record to show error requiring reversal. TEX.R.APP. P. 50(d); *Applewhite v. State,* 872 S.W.2d 32, 33 (Tex.App.–Houston [1st Dist.] 1994, no pet.). Because the burden was on appellant to ensure a complete record on appeal, it is presumed that omissions support the trial court's judg-

ment. *Id.* at 32. We hold that, in the absence of an adequate record, appellant has not preserved his sole point of error for review.

### Conclusion

We overrule appellant's sole point of error. We affirm the trial court's judgment.