No. 04-97-00461-CR



Henry GALLEGOS,


Appellant



v.




The STATE of Texas,


Appellee



From the 218th Judicial District Court, Atascosa County, Texas 


Trial Court No. 97-01-0008-CRA


Honorable Stella Saxon, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: February 17, 1999

 MOTION TO WITHDRAW GRANTED; AFFIRMED

 Henry Gallegos pled guilty to a jury to aggravated robbery. After a trial on punishment, the
jury found Gallegos guilty and sentenced him to twenty-two years imprisonment. Gallegos appeals.

 Gallegos' court-appointed appellate attorney filed a brief in which he raises one arguable
point of error, but nonetheless concludes this appeal is frivolous and without merit. The brief meets
the requirements of Anders v. California, 386 U.S. 738 (1967), High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel states
Gallegos was provided a copy of the brief and motion to withdraw and was further informed of his
right to review the record and file his own brief. Gallegos filed a brief that merely reasserted the
arguable point raised by counsel.

 The only arguable point raised by counsel is that Gallegos' twenty-two year sentence
constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of
the United States Constitution and article I, section 13 of the Texas Constitution. Aggravated robbery
is a first degree felony punishable by imprisonment for a term of five to ninety-nine years and a fine
of up to $10,000. Tex. Penal Code Ann. §§ 12.32, 29.03 (Vernon 1994). Gallegos' sentence was
therefore within the range permitted by statute. Although we "should grant substantial deference to
the broad authority that legislatures necessarily possess in determining the types and limits of
punishments for crimes," a sentence within the range permitted by statute may nonetheless run afoul
of the Eighth Amendment prohibition against cruel and unusual punishment. Solem v. Helm, 463
U.S. 277, 290 (1983).

 In reviewing a disproportionality claim under the federal constitution, the threshold question
is whether appellant's sentence "is grossly disproportionate to the crime." Thomas v. State, 916
S.W.2d 578, 583 (Tex. App.--San Antonio 1996, no pet.) (citing McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992)). Punishment is "grossly disproportionate to
a crime only when an objective comparison of the gravity of the offense against the severity of the
sentence reveals the sentence to be extreme." Diaz-Galvan v. State, 942 S.W.2d 185, 186 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd) (citing Harmelin v. Michigan, 501 U.S. 957 (1991)).

 Gallegos argues the twenty-two year sentence was excessive because nobody was injured in
the robbery, he did not receive any of the proceeds, and he had no prior criminal history. Witnesses
testified Gallegos was a peaceful, law-abiding man before this event, and Gallegos testified he was
talked into the robbery when he was depressed, down on his luck, and drunk. However, the evidence
also established that before the robbery Gallegos was a peace officer in the city of Poteet, where the
robbery occurred. Knowing there was only one officer on patrol that night, Gallegos made a false
report to the Atascosa County dispatch, sending the officer to the other side of town so he and a
friend could commit the robbery. The store they robbed was one Gallegos had frequented and the
victims knew him well as a peace officer. Gallegos threatened them with a pistol and locked them
in a room at the back of the store. The jury imposed a prison sentence of less than one third of the
maximum and did not assess a fine. In light of the circumstances of the offense, the sentence
imposed by the jury was not extreme. We hold Gallegos' sentence is not grossly disproportionate
to his crime and his punishment is not cruel and unusual under the Eighth Amendment.

 Gallegos offers no argument or authority for greater protection against cruel and unusual
punishment under the Texas Constitution than under the Eighth Amendment. Moreover, "it has long
been held that if the punishment assessed is within the range of penalties established by the
legislature there is no violation of the state constitutional provisions against cruel and unusual
punishment." Thomas, 916 S.W.2d at 584. Gallegos' state constitutional claim therefore fails.

 We have reviewed the record and briefs and agree the appeal is frivolous and without merit.
We therefore affirm the trial court's judgment and grant the motion to withdraw filed by Gallegos'

counsel. See Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.--San Antonio 1997, no pet.); Bruns,
924 S.W.2d 176. 177 n.1 (Tex. App.--San Antonio 1996, no pet.).


 Sarah B. Duncan, Justice

DO NOT PUBLISH


Return to
4th Court of Appeals Opinions