Opinion issued July 18, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00847-CR

____________


FRANCISCO ALVARENGA ALONZO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 791,770






O P I N I O N

 Appellant, Francisco Alvarenga Alonzo, pleaded guilty, without an agreed
recommendation of punishment from the State, to the second degree felony offense of
aggravated assault. The trial court accepted the guilty plea, deferred an adjudication
of guilt, and placed appellant on community supervision for five years. The State
subsequently filed a motion to adjudicate guilt, to which appellant pleaded not true. 
After finding the allegations in the State's motion to adjudicate true, the trial court
adjudicated appellant's guilt and assessed punishment at 15 years confinement.

Compulsory Process

 In points of error one and two, appellant asserts the trial court erred in
"proceeding to judgment and sentence after accepting appellant's plea of guilty"
because article 1.15 of the Code of Criminal Procedure (1) does not permit a criminal
defendant to call witnesses in a hearing on a plea of guilty, thus violating his federal
and state constitutional rights to compulsory process. (2) In points of error three and four,
appellant asserts the trial court erred in entering a judgment of guilt because he was not
informed of, and did not knowingly or voluntarily waive, his federal and state rights
to compulsory process.

 Appellant may not now raise on appeal issues relating to his original deferred
adjudication proceeding. A defendant placed on deferred adjudication may raise issues
relating to the original plea proceeding only in appeals taken when deferred
adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999); Marshall v. State, 995 S.W.2d 880, 881 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd). 

 Thus, we lack jurisdiction over appellant's first, second, third and fourth points
of error.

Cruel and Unusual Punishment

 In his fifth and sixth points of error, appellant contends his 15-year sentence
constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth
Amendments of the United States Constitution (3) and Article I, section 13 of the Texas
Constitution (4) because it is not proportionate to the offense committed. (5) 

 To preserve a complaint for appellate review, a party must present a timely
complaint to the trial court, state the specific grounds for the desired ruling if the
specific grounds are not otherwise apparent, and obtain a ruling. Tex. R. App. P.
33.1(a). Like other rights, a constitutional right may be waived or forfeited by the
failure to make a timely assertion of that right. Solis v. State, 945 S.W.2d 300, 301
(Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Appellant failed to lodge any
objection to the trial court's assessment of punishment. 

 Moreover, appellant failed to present any evidence regarding punishments
assessed for similar offenses in this and other jurisdictions. Because a threshold
proportionality analysis requires a comparison of the gravity of the crime with the
severity of the sentence, it is necessary to have a sufficient record by which to evaluate
the relative aggravation or mitigation of the particular facts of the case. Diaz-Galvan
v. State, 942 S.W.2d 185, 186 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).
Without a pre-sentence investigation report or a statement of facts from the guilt or
punishment hearing, we have an insufficient record to perform a proportionality review.
 Id. 

 We hold that appellant has not preserved his fifth and sixth points of error for our
review. We overrule appellant's fifth and sixth points of error. 

Conclusion

 We affirm the judgment of the trial court.













 Terry Jennings

 Justice


Panel consists of Justices Jennings, Radack, and Duggan. (6)

Do not publish. Tex. R. App. P. 47.
1. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002).
2. U.S. Const. amends. VI and XIV; Tex. Const. art. I, §§ 10, 29.
3. U.S. Const. amends. VIII and XIV. 
4. Tex. Const. art. I, § 13.
5. Appellant's 15-year sentence was below the maximum available sentence of
20 years. See Tex. Penal Code Ann. §§ 12.33, 22.02 (Vernon 1994). 
Punishment that falls within the range authorized by statute is generally not
"cruel and unusual" and is not excessive. Wright v. State, 930 S.W.2d 131,
134 (Tex. App.--Dallas 1996, no pet.).
6. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.