In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-380 CR


____________________



JOSEPH CURTIS FRANCOIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 78021






O P I N I O N



 Appellant Joseph Curtis Francois pleaded guilty to the offense of aggravated
robbery, a first degree felony. The trial court deferred adjudication of his guilt and placed
him on community supervision for ten years. The State filed a motion to revoke based on
alleged violations of the community supervision order. Francois pleaded true to three of
the alleged violations of his community supervision order, and the trial court adjudicated
him guilty and sentenced him to fifteen years in the Texas Department of Criminal Justice
-- Institutional Division. On appeal he raises two points of error. We have jurisdiction
over the issue relating to the process by which Francois was sentenced. See Vidaurri v.
State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). 

 Francois first contends the sentence of fifteen years is excessive and constitutes
cruel and unusual punishment under the Eighth Amendment to the United States
Constitution; alternatively, he argues the trial court should have permitted him to remain
on community supervision. He maintains the fifteen year sentence was too harsh in light
of the nature of his community supervision violations: failing to pay court assessed fees,
leaving the Jefferson County Restitution Center without permission, and being terminated
from his job because of poor work performance. We note the trial court did not sentence
Francois to fifteen years for violating the community supervision order. His sentence is
for the offense of aggravated robbery, a first degree felony punishable by a term not more
than ninety-nine or less than five years. See Tex. Pen. Code Ann. §§ 12.32(a), 29.03
(Vernon 1994). 

 Francois did not object to the sentence below, either at the sentencing hearing or in
a motion for new trial and, as a result, has not preserved the issue for review. See Jackson
v. State, 989 S.W.2d 842, 844 (Tex. App.--Texarkana 1999, no pet.). Even if properly
preserved, however, his point of error has no merit. The fifteen year sentence is within
the punishment range allowed by law for a first degree felony, and no evidence of
disproportionality of punishment was presented to the trial court. See Diaz-Galvan v.
State, 942 S.W.2d 185, 186 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) (no record
presented showing the error). 

 We also note that Francois urges this court to adopt a rule requiring the trial court
to give a defendant "one more chance" on probation after the first motion to revoke is
filed. Even if this type of argument had any validity, we do not have jurisdiction to
address this complaint as it relates to the trial court's determination to adjudicate guilt. See
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); Tex. Code Crim.
Proc. Ann. art. 42.12(5)(b) (Vernon Supp. 2002). Point of error one is overruled.

 In his second point of error, Francois contends that upon revocation of his
community supervision and adjudication of his guilt, the trial court erred in sentencing him
to fifteen years when the plea agreement (1) was for a cap of ten years. However, if the State
recommends a cap of ten years in exchange for the defendant's plea of guilty and the trial
court follows the plea bargain in giving defendant deferred adjudication and community
supervision, then the trial judge does not exceed the recommendation if, upon proceeding
to an adjudication of guilt, the judge later assesses any punishment within the range
allowed by law. See Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Ditto
v. State, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999). 

 The conviction is affirmed.

 AFFIRMED. 


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on July 29, 2002

Opinion Delivered August 28, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. The written plea agreement does not contain the defendant's or his counsel's
signature. However, at the plea hearing, the trial judge expressly referenced the plea
agreement entered into by appellant and his attorney and treated the case as if it did involve
a plea bargain. Appellant has never disputed below or on appeal the existence of a plea
bargain.