In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-133 CR 


______________________


 

BRANDON L. MCDONALD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


 Jefferson County, Texas


Trial Cause No. 83264 






MEMORANDUM OPINION


 Brandon McDonald pled guilty to the offense of aggravated robbery. The trial court
accepted the guilty plea, deferred adjudication of guilt and placed McDonald on community
supervision for eight years. A $2,000 fine was assessed. The State filed a "Motion to
Revoke Unadjudicated Probation" alleging that McDonald violated the terms of his
community supervision. The trial court held a hearing on the motion, and McDonald pled
"true" to violating two conditions of his community supervision. After presentation of
evidence, the trial court found the counts to be true. The court revoked community
supervision, found McDonald guilty of aggravated robbery, and assessed punishment at
fifteen years of confinement in the Institutional Division of the Texas Department of
Criminal Justice. Appellate counsel filed a brief that concluded no arguable error is
presented in this appeal. (1) We granted McDonald an extension of time in which to file a pro
se brief, and he filed a brief presenting six issues for review. (2) Finding no arguable error, we
affirm the judgment.

 In his first issue, McDonald argues his original guilty plea was made unknowingly
because he believed that if his community supervision were eventually revoked, his sentence
would be capped at the ten years the State recommended during the original plea proceeding.
His seventh issue contends there was a variance between the indictment and the evidence
presented. After a deferred-adjudication defendant's community supervision has been
revoked and he is formally adjudicated guilty, he may not appeal matters related to the
original plea proceedings. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999). 

 Issues two, three, four, and five relate to the trial court's determination of whether to
proceed to adjudicate guilt. McDonald's second and third issues contend the trial court
revoked community supervision based on an unrelated offense; issue four presents arguments
in defense to the allegations raised in the State's motion to revoke community supervision;
and the fifth issue contends the State made improper arguments during the revocation
hearing. A plea of "true" to even one allegation is sufficient to support a judgment revoking
community supervision. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). 
Under Article 42.12, Section 5(b) of the Code of Criminal Procedure, if a defendant violates
a condition of deferred-adjudication community supervision, he is "entitled to a hearing
limited to the determination by the court of whether it proceeds with an adjudication of guilt
on the original charge." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006). 
Generally, a defendant may not appeal from the trial court's determination to proceed with
the adjudication of guilt on the original charge. Hargesheimer v. State, 182 S.W.3d 906, 909
(Tex. Crim. App. 2006); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). 

 In issue six, McDonald asserts his fifteen-year sentence is excessive in light of the
nature of his community supervision violations. McDonald may appeal aspects of the
punishment phase of his case. See Hogans v. State, 176 S.W.3d 829, 833 (Tex. Crim. App.
2005). The trial court did not sentence McDonald to fifteen years for violating the
community supervision order. McDonald was sentenced for the offense of aggravated
robbery, a first degree felony. See Tex. Pen. Code Ann. §§ 12.32, 29.03 (Vernon 2003). 
The fifteen-year sentence is within the punishment range allowed by law for a first degree
felony; no evidence of disproportionality of punishment was presented to the trial court. See
Diaz-Galvan v. State, 942 S.W.2d 185, 186 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) 

 We have determined this appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record and find no arguable error. See Bledsoe
v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). McDonald filed a motion with this
Court requesting the appointment of counsel. Appointment of new counsel is not required. 
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). McDonald is free
to file a petition for discretionary review raising error by this Court in the instant appeal. See
Bledsoe, 178 S.W.3d at 827. (3) The trial court's judgment is affirmed. 

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on November 27, 2006

Opinion Delivered March 7, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, J.J.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
2. McDonald filed a motion with this Court adding a seventh issue for review. We will
treat the motion as a supplemental brief. 
3. However, "[w]hile an appellant has the right to file a petition for discretionary review
with . . . [the] Court [of Criminal Appeals], review is not a matter of right." Bledsoe, 178
S.W.3d at 827 n.6 (citing Tex. R. App. P. 66.2).