NUMBER 13-08-00202-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOHN ANDREW MYERS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 

 Appellant, John Andrew Myers, entered an open plea of guilty to the charge of
online solicitation of a minor, a second-degree felony. See Tex. Penal Code Ann. § 33.021
(Vernon Supp. 2008). After hearing evidence, the trial court sentenced Myers to sixteen
years' imprisonment and assessed court costs. By a single issue, Myers argues that his
punishment was excessive and constitutes cruel and unusual punishment in violation of
the Eighth Amendment to the United States Constitution. See U.S. Const. amend. VIII. 
We affirm. (1)

 A second-degree felony is punishable by a term of imprisonment between two and
twenty years and a fine not to exceed $10,000. See Tex. Penal Code Ann. § 12.33
(Vernon 2003). Myers does not dispute that his sentence falls within the statutory range
allowable for his crime. In general, Texas courts have held that a punishment assessed
within the statutory range is not cruel or unusual. Davila v. State, 930 S.W.2d 641, 654
(Tex. App.-El Paso 1996, pet. ref'd); Belton v. State, 900 S.W.2d 886, 899 (Tex. App.-El
Paso 1995, pet. ref'd); Lackey v. State, 881 S.W.2d 418, 420 (Tex. App.-Dallas 1994, pet.
ref'd). Nevertheless, an Eighth Amendment claim may still exist even if the punishment is
within the statutory range. See Solem v. Helm, 463 U.S. 277, 290 (1983); Mullins v. State,
208 S.W.3d 469, 470 (Tex. App.-Texarkana 2006, no pet.); Diaz-Galvan v. State, 942
S.W.2d 185, 186 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd).

 Myers cites Solem v. Helm and argues that his sentence was disproportionate to his
crime. See Solem, 463 U.S. at 290-92. In Solem, the United States Supreme Court set
forth three factors to consider in evaluating an Eighth Amendment disproportionate
punishment claim: (1) the gravity of the crime and the harshness of the penalty; (2) the
punishment for other crimes in the same jurisdiction; and (3) the punishment for the same
crime in other jurisdictions. Id. In Trevino v. State, we recognized that "the viability and
mode of application of proportionate analysis" has been called into question since the
Supreme Court's splintered decision in Harmelin v. Michigan, 501 U.S. 957 (1991). See
Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet. ref'd) (citing
McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir.1992)). In McGruder v. Puckett, the
Fifth Circuit analyzed Harmelin, and concluded that courts must "initially make a threshold
comparison of the gravity of [the] offenses against the severity of [the] sentence." 954 F.2d
at 316. "Only if we infer that the sentence is grossly disproportionate to the offense will we
then consider the remaining factors of the Solem test and compare the sentence received
to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions." Id. In Sullivan v. State, we assumed the viability of
proportionality review and applied both Solem and McGruder. See Sullivan v. State, 975
S.W.2d 755, 757-58 (Tex. App.-Corpus Christi 1998, no pet.). 

 Assuming the same here, under both Solem and McGruder, we must look first at the
gravity of the offense and the harshness of the penalty. Solem, 463 U.S. at 290-91;
McGruder, 954 F.2d at 316. Next, we must look at the sentences imposed for similar
crimes in the same jurisdiction and the sentences imposed for the same crime in other
jurisdictions. Solem, 463 U.S. at 292; McGruder, 954 F.2d at 316.

 Myers argues that his sentence is excessive because (1) he solicited a police officer
posing as a thirteen-year-old girl, thus the crime caused no harm to any person or to the
public; (2) defense witnesses established that he needed rehabilitation rather than
incarceration and that he could successfully complete community supervision; (3) he has
children, and no complaints have been made with respect to his children; and (4) he
expressed remorse for his actions. 

 In considering the gravity of the crime and the harshness of the penalty, we note
that whether the crime was directed towards a thirteen-year-old child or a police officer
posing as a thirteen-year-old child, the crime of online solicitation of a minor is a very
serious offense. Furthermore, Myers ignores the evidence in the record demonstrating
that, as a juvenile, he was adjudicated as guilty of two offenses of aggravated sexual
assault of a child under fourteen years of age and remanded to the custody of the Texas
Youth Commission. See Tex. Penal Code Ann. § 22.021(a)(iii) (Vernon Supp. 2008);
Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, no pet.). In the present
case, the punishment was within the statutory range, and given Myers's criminal history,
we are loathe to say that the punishment was grossly disproportionate to the crime. See
Simmons, 944 S.W.2d at 15 ("Appellant does not take into consideration the fact that he
also had a 1991 conviction for possession of a controlled substance. The punishment
assessed falls within the permissible range, and when viewed in light of Appellant's criminal
history, is not grossly disproportionate to the offense he committed."). Even if we were to
conclude that Myers satisfied the first requirement of Solem and McGruder, Myers does
not address, and there is no evidence in the appellate record of, the sentences imposed
for similar crimes in Texas or for the same crimes in other jurisdictions. Thus, we may not
perform a comparative evaluation using the remaining Solem factors. See Solem, 463
U.S. at 292; Guin v. State, 209 S.W.3d 682, 687-88 (Tex. App.-Texarkana 2006, no pet.);
Sullivan, 975 S.W.2d at 757-58; Simmons, 944 S.W.2d at 15. Accordingly, we conclude
that Myers's sentence is neither grossly disproportionate nor cruel and unusual. The issue
is overruled, and we affirm.


 

 GINA M. BENAVIDES,

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 28th day of August, 2009.

1. As this is a memorandum opinion and the parties are familiar with the facts, we will only recite them
herein as necessary to explain our holding. See Tex. R. App. P. 47.4.