

**NUMBER 13-08-00202-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**JOHN ANDREW MYERS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 377th District Court of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, John Andrew Myers, entered an open plea of guilty to the charge of online solicitation of a minor, a second-degree felony. *See* TEX. PENAL CODE ANN. § 33.021 (Vernon Supp. 2008). After hearing evidence, the trial court sentenced Myers to sixteen years' imprisonment and assessed court costs. By a single issue, Myers argues that his punishment was excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII.

We affirm.[1]

A second-degree felony is punishable by a term of imprisonment between two and twenty years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003). Myers does not dispute that his sentence falls within the statutory range allowable for his crime. In general, Texas courts have held that a punishment assessed within the statutory range is not cruel or unusual. *Davila v. State*, 930 S.W.2d 641, 654 (Tex. App.–El Paso 1996, pet. ref'd); *Belton v. State*, 900 S.W.2d 886, 899 (Tex. App.–El Paso 1995, pet. ref'd); *Lackey v. State*, 881 S.W.2d 418, 420 (Tex. App.–Dallas 1994, pet. ref'd). Nevertheless, an Eighth Amendment claim may still exist even if the punishment is within the statutory range. *See Solem v. Helm*, 463 U.S. 277, 290 (1983); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.–Texarkana 2006, no pet.); *Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd).

Myers cites *Solem v. Helm* and argues that his sentence was disproportionate to his crime. *See Solem*, 463 U.S. at 290-92. In *Solem*, the United States Supreme Court set forth three factors to consider in evaluating an Eighth Amendment disproportionate punishment claim: (1) the gravity of the crime and the harshness of the penalty; (2) the punishment for other crimes in the same jurisdiction; and (3) the punishment for the same crime in other jurisdictions. *Id.* In *Trevino v. State*, we recognized that "the viability and mode of application of proportionate analysis" has been called into question since the Supreme Court's splintered decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991). *See Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd) (citing *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir.1992)). In *McGruder v. Puckett*, the

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we will only recite them herein as necessary to explain our holding. *See* TEX. R. APP. P. 47.4.

2

Fifth Circuit analyzed *Harmelin*, and concluded that courts must "initially make a threshold comparison of the gravity of [the] offenses against the severity of [the] sentence." 954 F.2d at 316. "Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Id.* In *Sullivan v. State*, we assumed the viability of proportionality review and applied both *Solem* and *McGruder*. *See Sullivan* v. *State*, 975 S.W.2d 755, 757-58 (Tex. App.–Corpus Christi 1998, no pet.).

Assuming the same here, under both *Solem* and *McGruder*, we must look first at the gravity of the offense and the harshness of the penalty. *Solem*, 463 U.S. at 290-91; *McGruder*, 954 F.2d at 316. Next, we must look at the sentences imposed for similar crimes in the same jurisdiction and the sentences imposed for the same crime in other jurisdictions. *Solem*, 463 U.S. at 292; *McGruder*, 954 F.2d at 316.

Myers argues that his sentence is excessive because (1) he solicited a police officer posing as a thirteen-year-old girl, thus the crime caused no harm to any person or to the public; (2) defense witnesses established that he needed rehabilitation rather than incarceration and that he could successfully complete community supervision; (3) he has children, and no complaints have been made with respect to his children; and (4) he expressed remorse for his actions.

In considering the gravity of the crime and the harshness of the penalty, we note that whether the crime was directed towards a thirteen-year-old child or a police officer posing as a thirteen-year-old child, the crime of online solicitation of a minor is a very serious offense. Furthermore, Myers ignores the evidence in the record demonstrating that, as a juvenile, he was adjudicated as guilty of two offenses of aggravated sexual

3

assault of a child under fourteen years of age and remanded to the custody of the Texas Youth Commission. *See* TEX. PENAL CODE ANN. § 22.021(a)(iii) (Vernon Supp. 2008); *Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, no pet.). In the present case, the punishment was within the statutory range, and given Myers's criminal history, we are loathe to say that the punishment was grossly disproportionate to the crime. *See Simmons*, 944 S.W.2d at 15 ("Appellant does not take into consideration the fact that he also had a 1991 conviction for possession of a controlled substance. The punishment assessed falls within the permissible range, and when viewed in light of Appellant's criminal history, is not grossly disproportionate to the offense he committed."). Even if we were to conclude that Myers satisfied the first requirement of *Solem* and *McGruder*, Myers does not address, and there is no evidence in the appellate record of, the sentences imposed for similar crimes in Texas or for the same crimes in other jurisdictions. Thus, we may not perform a comparative evaluation using the remaining *Solem* factors. *See Solem*, 463 U.S. at 292; *Guin v. State*, 209 S.W.3d 682, 687-88 (Tex. App.–Texarkana 2006, no pet.); *Sullivan*, 975 S.W.2d at 757-58; *Simmons*, 944 S.W.2d at 15. Accordingly, we conclude that Myers's sentence is neither grossly disproportionate nor cruel and unusual. The issue is overruled, and we affirm.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 28th day of August, 2009.

4