**Opinion filed July 17, 2014**



### In The

# Eleventh Court of Appeals

_____

### No. 11-12-00118-CR

_____

### LELA ANN MOONEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 24804A**

### M E M O R A N D U M   O P I N I O N

Appellant, Lela Ann Mooney, entered an open plea of "guilty" to the offense of forgery, a state jail felony. *See* TEX. PENAL CODE ANN. § 32.21(b), (d) (West 2011). The trial court assessed her punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. In a single issue, Appellant argues that her punishment was "grossly disproportionate to

the offense and therefore, unjust, cruel and unusual based upon [Appellant's] crime, her age and her need for rehabilitation" in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## *Background Facts*

The indictment alleged that Appellant intentionally and knowingly, with the intent to harm and defraud another, passed as true a check written on Wells Fargo Bank, check number 1024, on the account of Miller Trucking. Based on her open plea of guilty, the trial court found Appellant guilty of the offense of forgery and sentenced her to two years' imprisonment.

## *Analysis*

Appellant argues that her sentence is grossly disproportionate to the offense and, therefore, constitutes cruel and unusual punishment. In support of her argument, Appellant points to the nature of the offense, her age, and her need for rehabilitation. Appellant also contends that her commission of the forgery was fueled by her past addiction to methamphetamine.

In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.* As a general rule, punishment is not cruel and unusual if it falls within the range of punishment established by the legislature. *Id.*; *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). In this cause, Appellant was convicted of a state jail felony. The statutory range of punishment for a state jail felony is confinement in a state jail for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.35(a), (b)

(West Supp. 2013). Accordingly, Appellant's two-year sentence is within the statutory range of punishment.

A narrow exception to the general rule is recognized when the sentence is grossly disproportionate to the offense. *Harmelin v. Michigan*, 501 U.S. 957, 1004–05 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290–92 (1983); *Dale*, 170 S.W.3d at 799. In such cases, the sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Solem*, 463 U.S. at 290; *Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Thus, a prohibition against grossly disproportionate punishment survives under the Federal Constitution apart from any consideration of whether the punishment assessed is within the statute's range. *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

In considering a claim that a sentence is disproportionate, we first make a threshold comparison of the gravity of an appellant's offense against the severity of his or her sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Dale*, 170 S.W.3d at 799–800. We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Solem*, 463 U.S. at 292; *Dale*, 170 S.W.3d at 800. We also consider the sentence imposed in light of the offender's prior adjudicated and unadjudicated offenses. *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see McGruder*, 954 F.2d at 316. Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences imposed for similar crimes in Texas and sentences

imposed for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Dale*, 170 S.W.3d at 800.

During the punishment phase of the trial, Appellant admitted to the acts alleged in the indictment and stated that she cashed several checks that she had stolen. She explained that the checks were written for amounts ranging from $800 to $2,500. Additionally, Appellant pleaded "guilty" to the offense of possession of a controlled substance and admitted that she possessed four grams of methamphetamine. Appellant stated that she was thirty-one years old at the time of trial in this case and that she had been using methamphetamine for almost twenty years.

Appellant admitted that she was previously placed on community supervision for another conviction of forgery through the use of a financial instrument and that her community supervision was later revoked because she failed to pay the required restitution and court costs. Appellant explained that the forged checks in that case were from a closed account in her brother's name.

Considering the nature of Appellant's offense in this cause and considering the evidence that Appellant committed the charged offense on numerous occasions, that she also committed a contemporaneous drug offense, and that she had a prior conviction for forgery, we conclude that her two-year sentence is not grossly disproportionate to the offense. Because we have concluded that the sentence is not grossly disproportionate to the offense, we do not compare Appellant's sentence to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Dale*, 170 S.W.3d at 800. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


July 17, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.