**Opinion filed August 7, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00247-CR

_____

## BRIAN EUGENE WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18037B**

## M E M O R A N D U M   O P I N I O N

Appellant, Brian Eugene Williams, entered an open plea of guilty to the offense of possession of cocaine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010). The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty-five years. In a single issue on appeal, Appellant argues that there is no evidence to support his sentence and that the trial

court's failure to explain its reasoning for the sentence denied him due process. We affirm.

*Background Facts*

Appellant was charged by indictment with one count of possession of cocaine with intent to deliver and one count of possession of cocaine. The first count of the indictment alleged that, on or about December 10, 2010, Appellant knowingly possessed, with intent to deliver, a controlled substance—namely, cocaine—in an amount of one gram or more but less than four grams. The second count of the indictment alleged that, on or about December 10, 2010, Appellant intentionally and knowingly possessed cocaine in an amount of one gram or more but less than four grams. Each count of the indictment also alleged that Appellant had previously been convicted of the offense of burglary of a habitation.

At the open plea hearing, the State waived the second count of the indictment based on Appellant's agreement to plead guilty to the first count. Appellant then pleaded "guilty" to the offense of possession of cocaine with intent to deliver and "true" to the enhancement paragraph. The trial court subsequently found Appellant guilty of the first count, found the enhancement paragraph to be true, and sentenced Appellant to confinement for thirty-five years.

*Analysis*

In a single issue on appeal, Appellant argues that there is no evidence to support the trial court's infliction of "such a harsh and unreasonable punishment." Appellant also argues that the trial court's failure to state its factual basis for the punishment denied him due process.

As a result of the enhancement finding, Appellant was convicted of the first-degree felony of possession of cocaine with intent to deliver. The statutory range of punishment for a first-degree felony is imprisonment for a term of life or for any term of not more than ninety-nine years or less than five years and a fine not to

2

exceed $10,000.  TEX. PENAL CODE ANN. § 12.32 (West 2011).  Thus, Appellant's 35-year sentence is within the statutory range of punishment.

A trial court's decision regarding what sentence to impose is a "normative process, not intrinsically factbound." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).  "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* at 323–24 (footnote omitted).  Therefore, we do not review the sentence imposed by the trial court under a sufficiency-of-the-evidence standard.  *See id.*; *Jarvis v. State*, 315 S.W.3d 158, 161–62 (Tex. App.—Beaumont 2010, no pet.).

As noted in the preceding paragraph, an appellant sentenced within the applicable punishment range may assert that his or her sentence is grossly disproportionate to the offense and, therefore, constitutes cruel and unusual punishment.  In light of his challenge to the sentence imposed, we review Appellant's sentence under this framework.  In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm.  *Id.*  As a general rule, punishment is not cruel and unusual if it falls within the range of punishment established by the legislature.  *Id.*; *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).

A narrow exception to the general rule is recognized when the sentence is grossly disproportionate to the offense. *Harmelin v. Michigan*, 501 U.S. 957, 1004–05 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290–92 (1983); *Dale*, 170 S.W.3d at 799.  In such cases, the sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.  *Solem*, 463 U.S.

3

at 290; *Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Thus, a prohibition against grossly disproportionate punishment survives under the Federal Constitution apart from any consideration of whether the punishment assessed is within the statute's range. *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

In considering a claim that a sentence is disproportionate, we first make a threshold comparison of the gravity of an appellant's offense against the severity of his or her sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Dale*, 170 S.W.3d at 799–800. We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Solem*, 463 U.S. at 292; *Dale*, 170 S.W.3d at 800. We also consider the sentence imposed in light of the offender's prior adjudicated and unadjudicated offenses. *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see McGruder*, 954 F.2d at 316. Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Dale*, 170 S.W.3d at 800.

In this cause, Appellant pleaded "guilty" to the offense of possession of cocaine with intent to deliver. Appellant also pleaded "true" to the enhancement allegation that he was previously convicted of the offense of burglary of a habitation. At the punishment hearing, the trial court took judicial notice of the contents of a "Pre-Sentence Investigation Report" (PSI) that both parties had

previously requested. The PSI detailed Appellant's extensive criminal history, which included seven additional convictions for burglary of a habitation and one conviction for burglary of a building. Appellant chose not to present evidence at the punishment hearing, and the State offered only Appellant's pen packet.

Considering the nature of the charged offense and Appellant's prior criminal history, we conclude that his 35-year sentence, which falls within the midrange of the applicable range of punishment, is not grossly disproportionate to the offense. Because we have concluded that the sentence is not grossly disproportionate to the offense, we do not compare Appellant's sentence to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Dale*, 170 S.W.3d at 800. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


August 7, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.