In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00140-CR
_____

L. J. LEWIS JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR27288

## MEMORANDUM OPINION

A jury found L.J. Lewis Jr. (Lewis or appellant) guilty of driving while intoxicated, third or more. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b) (West Supp. 2014). The jury heard further testimony regarding appellant's three previous felony convictions for possession of a controlled substance, namely cocaine, and his admission that he committed the three prior offenses. The jury found the enhancement allegations to be "true[,]" and the jury assessed appellant's

1

punishment at twenty-five years of confinement. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2014). We affirm the trial court's judgment.

ISSUE ON APPEAL

In his sole appellate issue, Lewis contends that his sentence of twenty-five years under the habitual offender statute is unconstitutional under the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution. He argues that under the first of the three standards set forth in *Solem v. Helm*, 463 U.S. 277 (1983),[1] Appellant's punishment is excessively harsh in light of the gravity of the offense because "[n]o one was harmed, nor any property damaged, by the Appellant's actions." Lewis argues that "under the second [*Solem*] standard, most persons convicted of felony driving while intoxicated in Texas face a sentence of only two to ten years [of] incarceration[,]" and that in applying the third factor in *Solem*, "this Court will be hard-pressed to find any sentencing scheme from any other jurisdiction where driving while intoxicated offenders are routinely subject to sentences in excess of ten years." Lewis also challenges the proportionality of his twenty-five year sentence.

---

[1] In *Solem v. Helm*, 463 U.S. 277, 292 (1983), the United States Supreme Court enunciated three factors for evaluating the proportionality of a sentence: (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions.

ANALYSIS

Ordinarily, to preserve an error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. Tex. R. App. P. 33.1(a). Generally, the failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The record reflects that Lewis did not raise any objections to his sentence at the time it was pronounced or in a post-trial motion. Therefore, we conclude that Lewis waived any complaint that his sentence was unconstitutionally disproportionate or unreasonable for purposes of appellate review. *See* Tex. R. App. P. 33.1(a). Nevertheless, even if Lewis had properly preserved his complaints for our review, after reviewing the record we conclude that his argument that his sentence is disproportionate and unreasonable under the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution is without merit.[2]

---

[2] Lewis does not argue that Article I, section 13 of the Texas Constitution provides any greater or different protection than the Eighth Amendment of the United States Constitution. Therefore, we examine Lewis's argument solely under the Eighth Amendment. *See Rivera v. State*, 363 S.W.3d 660, 678 n.12 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We note that the Texas Court of

The legislature is vested with the power to define crimes and prescribe penalties. *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Texas courts have held that punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664; *see also Samuel v. State*, 477 S.W.2d 611, 614-15 (Tex. Crim. App. 1972). In the case at hand, Appellant was convicted for a third time of driving while intoxicated, a third degree felony, and his sentence was enhanced by his three prior felony convictions under section 12.42(d) of the Texas Penal Code. As a habitual felony offender with at least two prior convictions, the range of punishment is twenty-five to ninety-nine years, or life. *See* Tex. Penal Code Ann. § 12.42(d). The jury assessed the minimum punishment in this case. *See id.* Therefore, the punishment is not prohibited as cruel and unusual punishment, nor is it per se excessive. *See Samuel*, 477 S.W.2d at 614-15.

Criminal Appeals has determined that there is no significant difference in the protection against cruel and unusual punishment that is afforded by the Texas Constitution from the United States Constitution. *See Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (en banc) (citing *Anderson v. State*, 932 S.W.2d 502, 509 (Tex. Crim. App. 1996) (en banc)).

Nevertheless, Appellant requests that we evaluate his sentence in light of the factors outlined in *Solem*. In *Solem*, the United States Supreme Court enunciated three factors for evaluating the proportionality of a sentence: (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 290 "Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment." *Id*.; *Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

In *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991), the Supreme Court discussed *Solem. Harmelin* was a plurality opinion wherein five justices joined only part IV of Justice Scalia's opinion, and the Court concluded that Harmelin's claim that his sentence was unconstitutional because it was mandatory in nature had no support in the Eighth Amendment's text and history. Two of the justices rejected the *Solem* proportionality test altogether, three justices said there was only a narrow proportionality principle contained within the Eighth Amendment, and four justices concluded that *Solem* was correctly decided. *See generally Harmelin*, 501 U.S. 957.

In light of *Harmelin*, the Fifth Circuit Court of Appeals subsequently adopted a modified *Solem* test. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992). Under *McGruder*, the initial inquiry the court must make is a comparison of the gravity of the offense against the severity of the punishment received. *See id.* Only when the court finds that the sentence is grossly disproportionate to the offense does the reviewing court apply the final two prongs of the *Solem* test. *See id.*

In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court examined whether Andrade's sentence of two consecutive terms of 25 years to life in prison after his "third strike" were "contrary to, or an unreasonable application of, clearly established federal law as determined by this Court within the meaning of 28 U.S.C. § 2254(d)(1)." In reaching its conclusion that the sentences must be overturned, the majority stated as follows:

> As a threshold matter here, we first decide what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Andrade relies upon a series of precedents from this Court -- *Rummel v. Estelle,* 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980), *Solem v. Helm*, 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983), and *Harmelin v. Michigan*, 501 U.S. 957, 115 L. Ed. 2d 836, 111 S. Ct. 2680 (1991) -- that he claims clearly establish a principle that his sentence is so grossly disproportionate that it violates the Eighth Amendment. Section 2254(d)(1)'s "clearly established" phrase "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412,

6

146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000). In other words, "clearly established Federal law" under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. *See id.,* at 405, 413; *Bell v. Cone*, 535 U.S. 685, 698, 152 L. Ed. 2d 914, 122 S. Ct. 1843 (2002). In most situations, the task of determining what we have clearly established will be straightforward. The difficulty with Andrade's position, however, is that our precedents in this area have not been a model of clarity. *See Harmelin v. Michigan*, 501 U.S., at 965 (opinion of Scalia, J.); *id.,* at 996, 998 (Kennedy, J., concurring in part and concurring in judgment). Indeed, in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow. See *Ewing v. California*, *ante,* 538 U.S. 11, 155 L. Ed. 2d 108, 123 S. Ct. 1179, 2003 U.S. LEXIS 1952 at -- (slip op., at 8-11).

. . . .

Through this thicket of Eighth Amendment jurisprudence, one governing legal principle emerges as "clearly established" under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years.

. . . .

Thus, in this case, the only relevant clearly established law amenable to the "contrary to" or "unreasonable application of "framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the "exceedingly rare" and "extreme" case. *Id.,* at 1001 (Kennedy, J., concurring in part and concurring in judgment) (internal quotation marks omitted); see also *Solem v. Helm*, *supra*, at 290; *Rummel v. Estelle*, *supra,* at 272.

*Andrade*, 538 U.S. at 71-73.

Similarly, the Texas Court of Criminal Appeals stated in *Ex parte Chavez*,

213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006), that "'[s]ubject only to a very

7

limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment which falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.'" *See also Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.) (citing *Chavez*, 213 S.W.3d at 323-24)).

In both *Graham v. Florida*, 560 U.S. 48, 59-60 (2010), and *Miller v. Alabama*, 567 U.S.__, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the Supreme Court again discussed and referenced *Harmelin* in determining whether a sentence was grossly disproportionate to the defendants' crimes.

In *Graham*, the Court explained that "[t]he Court's cases addressing the proportionality of sentences" fall within two general classifications—challenges to the length of the term of the sentences given all the circumstances in a particular case and challenges where the Court implemented the proportionality standard with respect to certain categorical restrictions on the death penalty. 560 U.S. at 59. The Court noted that its decision in *Solem* fit within the first category, but it acknowledged:

> In other cases, however, it has been difficult for the challenger to establish a lack of proportionality. A leading case is *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), in which the offender was sentenced under state law to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. The controlling opinion concluded that the

Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.*, at 997, 1000-1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (Kennedy, J., concurring in part and concurring in judgment). . . .

. . . .

The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. 501 U.S., at 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (opinion of Kennedy, J.). "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Ibid.* If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Ibid.*

560 U.S. at 59-60. The Supreme Court concluded that the Constitution prohibits life imprisonment without parole for juveniles convicted of crimes other than homicide. *See id.* at 82.

In *Miller,* the majority of the Supreme Court held that "[b]y requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual

9

punishment." *Miller*, 132 S.Ct. at 2475. In *Miller*, the State argued that *Harmelin* "forecloses a holding that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." The majority distinguished *Harmelin* noting that "*Harmelin* had nothing to do with children and did not purport to apply it's holding to the sentencing of juvenile offenders." 132 S.Ct. at 2470.

Appellant contends that "*Harmelin* has been called into question by the holdings in *Graham* and *Miller*," and therefore, "*Harmelin* does not prohibit appellate courts from reviewing the constitutionality of a particular punishment in the light of concepts of proportionality set forth in *Solem*." (ANT:11) We disagree with Appellant's conclusion. In issuing its opinions in *Graham* and *Miller*, the Court did not overrule or call into question its prior analysis in *Harmelin*. *See generally Miller*, 132 S.Ct. 2455; *Graham*, 560 U.S. 48; *see also Eaglin v. State*, No. 09-13-00504-CR, 2014 Tex. App. LEXIS 9960, at **2-3 (Tex. App.—Beaumont Sept. 3, 2014, no pet.) (mem. op., not designated for publication) (citing *Graham* and applying the same gross disproportionality test as that stated in *McGruder*); *Mathews*, 918 S.W.2d at 669 (applying the same test as in *McGruder* in addressing disproportionate sentence claims). Therefore, we examine the sentence Lewis received under the gross disproportionality test.

10

The offense of driving while intoxicated, third or more, is a third degree felony punishable by "any term of not more than 10 years or less than 2 years" and "a fine not to exceed $10,000." *See* Tex. Penal Code Ann. §§ 12.34 (West 2011), 49.09(b)(2). However, appellant's offense was enhanced by his prior conviction and not based upon the DWI conduct alone. Appellant was charged as a habitual criminal pursuant to the provisions of section 12.42(d) of the Texas Penal Code. Therefore, in considering whether appellant's sentence of twenty-five years is "grossly disproportionate" we consider not only the present offense but also his criminal history. *See Rummel v. Estelle*, 445 U.S. 263, 284 (1980). The defendant's sentence under a recidivist statute is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Id.* A state with a recidivist statute is not required to treat a defendant as if the offense was his first, and it is entitled to place upon the defendant "the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." *Id.* "[The] primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Id.* "[T]he point at

11

which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Id.* at 285.

To the extent that Lewis argues that no one was harmed, or that no property was damaged by his actions, it is well established that even a sentence of life imprisonment or of similar length is not grossly disproportionate to a felony offense that is committed by a habitual offender, even when the felony is not inherently violent in nature. *See, e.g.*, *id.* (sentence of life imprisonment for offense of obtaining $120.75 by false pretenses not excessive); *Winchester v. State*, 246 S.W.3d 386, 390-91 (Tex. App.—Amarillo 2008, pet. ref'd) (consecutive life sentences for offenses of retaliation and failure to appear not grossly disproportionate because of defendant's criminal history). Here, appellant did not receive the maximum life sentence, but instead he was sentenced to the minimum sentence allowed under the habitual criminal provision, twenty-five years of confinement.

Based on Lewis's repeated commission of the offense of driving while intoxicated, a dangerous offense that could have placed his life and the lives of others in jeopardy, along with his criminal history involving prior felony convictions for possession of cocaine, we conclude that a sentence of twenty-five

years was not grossly disproportionate so as to constitute cruel and unusual punishment. *See, e.g.*, *Vrba v. State*, 69 S.W.3d 713, 716, 724-25 (Tex. App.—Waco 2002, no pet.) (sixty year sentence for DWI conviction was not grossly disproportionate and did not violate defendant's Eighth Amendment rights because of defendant's prior criminal history). Having overruled appellant's issue, we affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 14, 2015
Opinion Delivered November 4, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.